IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. A-14-CR-074 SS |
| PORFIRO CASTRO-NIETO | § | |
| | | |
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. A-05-CR-080(2) SS |
| PORFIRO CASTRO-NIETO | § | |

**ORDER**

Before the Court is the Motion for Status Re: Counsel (Dkt. No. 16) filed in the first case set forth above. In the motion, counsel for the defendant states:

> At the previous hearing, where defendant was set for rearraignment and plea, Mr. Castro-Nieto expressed a desire for a new attorney. While recognizing that an indigent defendant has no right to counsel of his choice, Mr. Castro-Nieto requests a hearing on his request for a new appointed attorney, to determine whether there is a conflict presenting undersigned counsel from representing Mr. Castro-Nieto in the above-numbered cause.

The motion was filed by David Peterson of the Federal Public Defender's office, who is serving as the defendant's appointed counsel in the case. On March 25, 2014, the undersigned conducted a hearing on this matter, and inquired of the defendant whether he was requesting new counsel, and if so, why. The defendant responded that he did want a new attorney, and stated that his reason was that he did not feel trust for his attorney. When pressed, the defendant could not identify any particular reason why he did not trust Mr. Peterson, and denied that he believed Mr. Peterson was doing a poor job representing him. Despite being pressed for details, the defendant was unable to provide anything more than a "general feeling" that made him believe he should have a different

attorney. For his part, Mr. Peterson stated that he was not having any issues communicating with the defendant, and felt that his client's main concern is that he was unhappy when he was told the manner in which the sentencing guidelines would likely apply in his case.[1]

A defendant who requests and receives appointed counsel does not have a right to the counsel of his choice. *Wheat v. United States*, 486 U.S. 153, 159, (1988). Rather, he is entitled to a competent, conflict-free attorney. As the Court explained to the defendant, Mr. Peterson is far more than competent to represent someone charged with illegal reentry under 8 U.S.C. § 1326. Further, there are no conflicts of interest which exist in this case, nor is there any other conflict straining the attorney-client relationship. Instead, it appears based on this case, and several other recent cases, that there is jailhouse conversation among detained defendants which is fueling this request. Regardless, because the Court was presented with no valid basis on which to replace appointed counsel, the defendant's request for a new attorney is **DENIED.**

SIGNED this 26th day of March, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] The defendant is charged with illegal reentry in Cause no. A-14-CR-074 SS. In Cause No. A-05-CR-080(2) SS, the defendant was convicted of possession with intent to distribute 500 grams or more of cocaine. On August 26, 2005, he was sentenced to 90 months of imprisonment and 5 years of supervised release. He commenced supervision on October 20, 2011. He was arrested in Austin on January 27, 2014, and charged with DWI, after he was stopped driving 89 mph in a 65 mph zone, and provided a breath sample that showed a blood alcohol content of 0.134. As a result of the 2005 drug trafficking conviction, under the sentencing guidelines, the adjusted offense level for the new illegal reentry charge is likely to be 21, which, combined with what is likely to be a criminal history category of III, will result in a likely guideline range of 46-57 months. This analysis does not include the additional time the defendant is likely to get for violating his supervised release.