IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 MAY 12 PM 4:13

CLERK
WESTERN
BY_____

**PORFIRIO CASTRO NIETO,**
        Movant,

-vs-

**UNITED STATES OF AMERICA,**
        Respondent.

Case No.  A-15-CA-162-SS
[No. A-14-CR-074-SS]

### ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Porfirio Castro-Nieto (Castro)'s Motion to Vacate under 28 U.S.C. § 2255 [#36] and the United States of America (the Government)'s Response [#40] thereto. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion.

### Background

On January 27, 2014, federal authorities initiated a criminal investigation after finding Castro, a citizen of Mexico, at the Williamson County Jail following his arrest for driving while intoxicated. The investigation determined that Castro had previously been deported following his conviction in August 2005 for possession with intent to distribute 500 grams or more of cocaine. Federal agents issued a warrant for Castro's arrest, because at the time of his state DWI arrest, Castro was on a non-reporting term of supervised release as a result of his August 2005 drug conviction. After disposal of the state DWI case, Castro was released into the custody of the United States Marshals Service.



On March 4, 2014, Castro was charged in a one-count criminal indictment with illegal reentry into the United States in violation of 8 U.S.C. § 1326. On April 2, 2014, Castro entered a plea of guilty to the indictment without the benefit of a plea agreement. On May 30, 2014, this Court sentenced Castro to a forty-six-month term of imprisonment, followed by a three-year term of supervised release, and ordered he pay a $100 mandatory assessment fee. No direct appeal was taken.

Castro filed his § 2255 motion on February 23, 2015. Castro argues his counsel provided ineffective assistance by failing to request a sentence reduction based on this District's Fast Track program.[1] The Government filed its response in opposition on March 24, 2015.

## Analysis

### I.   Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of

---

[1] Castro also states in the background section of his motion that he "never knew that [he] could appeal the sentence." Mot. Vacate [#36] at 4. As the Government points out, the record shows that is clearly false. The Court both told Castro during sentencing that he had fourteen days to file an appeal and sent Castro a letter following sentencing explaining Castro's appellate rights. *See* Resp. [#40-1] Ex. A (Sentencing Tr.) at 7:7–15; *id.* [#40-2] Ex. B (Appeal Rights Letter). Accordingly, this argument is DENIED.

constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II.   Application

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

As noted, Castro argues his counsel was ineffective for failing to request a reduction in his sentence under this District's Fast Track program. Fast track programs were developed to ease the burden of illegal reentry cases in districts where the sheer volume of such cases was overwhelming the capacity to prosecute violators. *United States v. Gomez-Herrera*, 523 F.3d 554, 559 (5th Cir. 2008). The programs offer illegal reentry defendants various options, including reduced sentences,

in exchange for their waiver of certain rights, including indictment by a grand jury, trial by jury, presentation of a pre-sentence investigation report, and appellate review of the sentence. *Id.*

In § 401(m)(B) of the PROTECT Act, Congress approved fast track programs and instructed the United States Sentencing Commission to authorize downward departures for defendants participating in fast track programs. *Id.* The Sentencing Commission thereafter added § 5K3.1 to the Guidelines, which allows a court, upon the Government's motion, to "depart downward not more than 4 levels" pursuant to a fast track program. U.S. SENTENCING GUIDELINES MANUAL § 5K3.1 (2014). Under this District's Fast Track program, defendants who comply with certain eligibility requirements and are not otherwise disqualified from the program are eligible for the four-level downward departure. Among the eligibility requirements are: (1) that the defendant "enter into a written plea agreement with the government"; (2) that the defendant have no previous convictions for felony drug trafficking; and (3) that the defendant is not under any form of court or correctional supervision at the time. Resp. [#40-3] Ex. C (WDTX Fast Track Memo) at 2, 3.

Here, even had Castro's attorney requested the downward departure under the Fast Track program, Castro would have been ineligible to receive it, as he would have failed to satisfy all three of those eligibility requirements. Castro did not enter into a written plea agreement; he had a previous conviction for possession with intent to distribute 500 grams or more of cocaine; and he was under non-reporting supervision based on his previous drug conviction at the time he was indicted for illegal reentry. Consequently, Castro has failed to show that but for his counsel's alleged errors, there is a reasonable probability he would have received a shorter prison sentence, as required to demonstrate ineffective assistance under *Strickland*. As Castro's ineffective assistance claim fails, his § 2255 motion is denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Castro's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## Conclusion

Accordingly,

      IT IS ORDERED that Movant Porfirio Castro-Nieto's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#36] is DENIED; and

      IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 12th day of May 2015.

                                                               /s/ Sam Sparks
                                                             SAM SPARKS
                                                             UNITED STATES DISTRICT JUDGE